UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REED CHRISTOPHER BOYSEN,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT HERZOG,<br><br>　　　　　　　Respondent. | CASE NO. 14-5501-RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS |

　　　　This matter comes before the Court on the Report and Recommendation of the Magistrate Judge. Dkt. 13. The Court has reviewed the relevant documents and the remaining file.

　　　　Petitioner filed a Petition for a Writ of Habeas Corpus (Dkt. 1) on June 24, 2014. Petitioner alleged that the trial judge who presided over his criminal conviction for drive-by shooting and second degree assault violated his right to confrontation under the Sixth Amendment of the U.S. Constitution by prohibiting him from cross-examining a witness, Chad Parker, about the particular details of a plea bargain Parker struck with the prosecution. *Id.* On September 8, 2014, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation recommending that Mr. Boysen's petition for writ of *habeas corpus* be denied.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS- 1

1  Dkt. 13. Petitioner filed objections to the Report and Recommendation on September 22, 2014.

2  Dkt. 14. On September 26, 2014, Respondent filed a Response to Petitioner's Objections to

3  Report and Recommendation. Dkt. 15.

4        The Court has reviewed the record *de novo*. While the Court concurs with the Magistrate

5  Judge's thorough and careful analysis of Petitioner's claim, this Order will provide additional

6  analysis of the claim.

## "PROCEDURAL OBJECTIONS"

8        Petitioner objected that the Magistrate Judge's Report and Recommendation (Dkt. 13)

9  should be rejected for two procedural reasons: (1) because the Magistrate Judge did not rule on

10 Petitioner's motion to strike Respondent's Answer (Dkt. 9) and (2) because the Magistrate Judge

11 issued her Report and Recommendation (Dkt. 13) before the noting date of Petitioner's motion

12 for summary judgment (Dkt.8). Petitioner's objections are without merit for the following

13 reasons: (1) any error the Magistrate Judge committed by not ruling on Petitioner's motion to

14 strike Respondent's answer (Dkt. 9) is cured by this Order addressing Petitioner's arguments

15 regarding the motion to strike (Dkt. 9); (2) Respondent's Answer and Memorandum of

16 Authorities (Dkt. 6) complied with Rule 5 of the Rules Governing Section 2254 Cases in the United

17 States District Courts, and Petitioner's motion to strike the answer (Dkt. 9) was without merit; and

18 (3) any lack of opportunity Petitioner had to submit a reply was cured by his opportunity to raise

19 his arguments in Petitioner's Objections to Magistrate's Report and Recommendation (Dkt. 14).

## WASHINGTON COURT OF APPEALS' DECISION

21       Petitioner appealed his conviction to the Washington Court of Appeals, raising the

22 confrontation claim. Dkt. 7, Exhibit 3. Although the Washington Court of Appeals agreed with

23 Petitioner that the trial judge erred in limiting cross-examination of Parker, the court found the

24 error was harmless. Dkt. 7, Exhibit 2, pp. 3–6. The court analyzed the error using the "untainted

evidence" test, which asks "if the untainted evidence is so overwhelming that it necessarily leads to a finding of guilt." *Id.* at 5–6 (quoting *State v. Guloy*, 104 Wash. 2d 412, 426 (1985)). The court affirmed Petitioner's conviction after finding the error to be harmless beyond a reasonable doubt because "overwhelming circumstantial evidence of Boysen's guilt" existed. *Id.* The Washington Supreme Court denied review without comment on September 5, 2013. Dkt. 2, Exhibit 5.

## MERITS OF THE *HABEAS* PETITION

Under *Fry v. Pliler*, 551 U.S. 112 (2007), to obtain *habeas* relief a *habeas* petitioner must satisfy two standards: both the unreasonableness standard of 28 U.S.C. § 2254(d)(1) and the *Brecht v. Abrahamson*, 507 U.S. 619 (1993), standard of actual prejudice.

**1.  § 2254**

Standard of Review. 28 U.S.C. § 2254 governs petitions for a writ of *habeas corpus*. A petition for writ of *habeas corpus* will not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1).

Discussion. Petitioner claims that the Washington Court of Appeals' use of the "untainted evidence" test instead of the "contribution test" to analyze harmless error was contrary to clearly established U.S. Supreme Court law. Dkt. 14 at 6. As opposed to the "untainted evidence test" (discussed above), the "contribution test" asks "'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.'" *Chapman v. California*, 386 U.S. 18, 24 (1967) (quoting *Fahy v. Connecticut*, 375 U.S. 85, 86–87 (1963). Petitioner argues that in *Chapman*, the U.S. Supreme Court mandated using the "contribution test." *Id.* The Court

agrees with Respondent, however, that the Washington Court of Appeals' decision was not contrary to clearly established U.S. Supreme Court precedent.

In *Chapman*, the U.S. Supreme Court did not adopt the "contribution test" and reject the "untainted evidence" test, as Petitioner contends. Rather, the U.S. Supreme Court adopted the test of "harmless beyond a reasonable doubt." *Id.* at 24. While *Chapman* held that little difference existed between the "contribution test" and the "harmless beyond a reasonable doubt" test, *Chapman* did not prohibit state courts from using the "untainted evidence" test. *Id. Chapman* only held that the U.S. Supreme Court "prefer[s] the approach of [the contribution test]." *Id.* at 23. Additionally, subsequent to *Chapman*, the U.S. Supreme Court applied the "untainted evidence" test in *Harrington v. California*. 395 U.S. 250, 254 (1969) ("[T]he case against Harrington was so overwhelming that we conclude that this violation . . . was harmless beyond a reasonable doubt."). Thus, the U.S. Supreme Court has not mandated using one test over the other. The Washington Court of Appeals' decision to uphold Petitioner's conviction, in which it used the "untainted evidence" test to analyze Petitioner's Confrontation Clause claim, did not contradict clearly established federal law.

**2. Actual Prejudice**

In order to obtain *habeas* relief, the petitioner must also satisfy the *Brecht* actual prejudice standard. *Fry*, 551 U.S. at 116–20. As the Magistrate Judge's Report and Recommendation thoroughly discusses (Dkt. 13 at 6–9), Petitioner did not suffer any actual prejudice from the trial judge's error because the evidence against him was strong and because he still had an opportunity to cross-examine and impeach Parker.

**3. Conclusion**

Because the Washington Court of Appeals' decision to uphold Petitioner's conviction, in which it used the "untainted evidence" test to analyze Petitioner's Confrontation Clause claim, did not contradict clearly established federal law and because Petitioner did not suffer any actual prejudice, the petition for writ of *habeas corpus* should be denied.

## CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a *habeas* petitioner must make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims or that jurists could agree the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

In this case, the Court has determined that the claim Petitioner has raised does not entitle him to relief. However, the issue presented is adequate to proceed further, should Petitioner wish to appeal. The Court should grant a Certificate of Appealability regarding Petitioner's claim that the trial judge violated Petitioner's Sixth Amendment right to confrontation by prohibiting him from cross-examining Chad Parker about the particular details of a plea bargain Parker made with the prosecution.

Accordingly:

- the Court **ADOPTS** the Report and Recommendation (Dkt. 13) with the addition of the above analysis;

- the petition for writ of *habeas corpus* (Dkt. 1) is **DENIED**;

- a Certificate of Appealability is **GRANTED** as to the following issue: whether the trial judge violated Petitioner's Sixth Amendment right to confrontation by prohibiting him from cross-examining Chad Parker about the particular details of a plea bargain Parker made with the prosecution; and

- this case is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16TH day of October, 2014.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge